**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE MIKE FERRY ORGANIZATION, Inc., a Nevada corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>DEBRA DE GROTE, an individual,<br><br>        Defendant.<br>_____<br>DEBRA DE GROTE, an individual, EXCELLEUM COACHING AND CONSULTING, a California corporation<br><br>        Counterclaimant,<br><br>    v.<br><br>THE MIKE FERRY ORGANIZATION, Inc., a Nevada Corporation; MIKE FERRY, an individual; SABRINA FERRY, an individual,<br><br>        Counterdefendants.<br>_____ | NO. CV 13-00835 JST (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES'**<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court has received and considered the parties' "Stipulation And [Proposed] Protective Order" (the "Protective Order"). The Court cannot adopt the Protective Order as stipulated to by the parties. The parties

may submit a revised stipulated protective order, but must correct the following deficiencies:

    First, a protective order must be narrowly tailored and cannot be overbroad. See Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 n. 3 (9th Cir. 2004). Therefore, the documents, information, items, or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "tax returns," etc.). Here, the parties define "CONFIDENTIAL" information to mean and include "documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom deemed by any party to contain a trade secret, confidential and/or private information or proprietary information belonging to it." (Protective Order at 2, ¶ 1). This definition does not clearly place the parties or the Court on notice of the specific documents covered by the proposed protective

order.  Accordingly, the definition of "CONFIDENTIAL" is overbroad. Further, the "ATTORNEYS' EYES ONLY" definition, which is the same as the "CONFIDENTIAL" definition, is also overbroad and could confuse the parties or the Court regarding the documents that should be designated as "ATTORNEYS' EYES ONLY." (See id.).  Documents subject to a protective order must be particularly defined and described, unless there is a stated justification for a "blanket" protective order.  The specificity requirement applies with even greater force to documents subject to an "Attorneys' Eyes Only" restriction, because the order would place even greater restriction on the use of such documents.  Thus, it is in the parties' and the Court's interest to specifically define and describe such documents, or to omit such a restriction if it is not yet known to be necessary.

   Second, the Court cannot agree to the parties' stipulation regarding the use of documents, materials and information as evidence at any hearing or trial of these cases.  (See Protective Order at 8, ¶ 21).  The instant protective order is before the Court for discovery purposes only, and the parties cannot use the current protective order to control the admission of evidence at a hearing or trial.

   Third, the Court will not agree to the procedure the parties propose for resolving disputes.  (Protective Order at 7, ¶ 14-15). Before seeking court intervention in any discovery matter, the parties must strictly comply with the Central District's Local Rule 37, including the letter and meet and confer requirements set forth in L.R. 37-1.  Both parties must timely file a written joint stipulation containing all issues in dispute.  C.D. Cal. L.R. 37-2, 37-2.1.  The

form and preparation of this stipulation are expressly laid out in Local Rules 37-2.1 and 37-2.2.  C.D. Cal. L.R. 37-2.1, 37-2.2.  The Court will not consider the dispute unless the stipulation or a declaration from the moving party describing how the opposing party failed to cooperate in formulating the stipulation is timely filed.  <u>See</u> C.D. Cal. L.R. 37-2.4.

Finally, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption:  "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED: September 12, 2013          _____/S/_____
                                   SUZANNE H. SEGAL
                                   UNITED STATES MAGISTRATE JUDGE