VENABLE LLP
Daniel B. Chammas (SBN 204825)
dchammas@venable.com
Ryan M. Andrews (SBN 274106)
rmandrews@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Plaintiff and Counterdefendant,
THE MIKE FERRY ORGANIZATION, Inc.

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MIKE FERRY ORGANIZATION, Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA DE GROTE, an individual<br><br>Defendant. | CASE NO. 8:13-cv-00835-JST-SS<br><br>*[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]*<br><br>**STIPULATED PROTECTIVE ORDER** |
| DEBRA DE GROTE, an individual, EXCELLEUM COACHING AND CONSULTING, a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>THE MIKE FERRY ORGANIZATION, INC., a Nevada corporation,<br><br>Counterdefendants. | |

1    Plaintiff and Counterdefendants THE MIKE FERRY ORGANIZATION, INC., (hereinafter "MFO") and Defendant and Counterclaimant DEBRA DE GROTE (hereinafter "De Grote") (collectively, the "Parties") hereby STIPULATE pursuant to Federal Rule of Civil Procedure 26(c), subject to approval of the Court, to the following Protective Order:

    1.    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. In addition, as De Grote is now a competitor of MFO, certain business confidential, highly proprietary, and/or private information may be appropriate for protection from disclosure to the other Party but still subject to production on an attorneys eyes only basis. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

    2.    In connection with discovery and the trial of this action, the Parties may designate certain documents, things, discovery responses, testimony, or other information derived therefrom, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Stipulated Protective Order ("Order").

    3.    Information or materials designated as "Highly Confidential – Attorneys' Eyes Only" shall be confidential information that the designating party considers to be trade secret information under Federal Rule of Civil Procedure 26(c)(1)(G), including confidential customer lists and customer contact information.

4. "Confidential" information is information which has not been made public and which concerns or relates to the Parties' business practices and falls within Federal Rule of Civil Procedure 26(c)(1)(G), which deserves protection from disclosure to third parties, but does not involve the same concerns regarding disclosure to the opposing party as "Highly Confidential – Attorneys' Eyes Only" information. Such information includes the following categories: documents defined as "confidential" in agreements between the Parties; documents describing concepts, ideas, proposals, designs, inventions, devices, methods of manufacturing, techniques, development processes, and marketing programs; information or data concerning the products or services provided; documents containing private personal and contact information regarding third parties, such as marketing materials; and the business or financial condition of a Party or its affiliates, specifically financial data or plans, budgets, financial statements, business plans, research and development plans, strategic, marketing, or sales information concerning customers and suppliers, pricing policies, or contracts.

5. **GOOD CAUSE STATEMENT**

This lawsuit arises out of De Grote's attempt to compete with MFO by, as MFO alleges, using MFO's confidential trade secret customer information. Discovery in this matter will require some level of disclosure of MFO's trade secrets which form the basis of its claims against De Grote. Since De Grote, a former employee of MFO, is now a direct competitor, disclosure to De Grote of MFO's confidential customer information could give De Grote a competitive advantage. The Parties believe that the designation of certain documents as "Highly Confidential – Attorneys' Eyes Only" is necessary to alleviate the risk of providing the receiving party with a competitive advantage in the market. The Parties could be irreparably harmed if information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is divulged or somehow wrongly misused by the Parties or non-parties. The unfettered disclosure of the above-listed

information, including but not limited to the filing of the documents in the public record, would also be harmful to the commercial interests of the Parties because this would expose confidential and trade secret information to competitors. Therefore, the Parties believe that there is good cause to enter this Protective Order to ensure adequate protection against the wrongful use or disclosure of such information.

6. A party receiving ("Receiving Party") material protected under this agreement ("Protected Material") may use Protected Material disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

7. By designating a document, testimony or other information derived therefrom as Protected Material labeled either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, the Parties are certifying that there is a good faith basis both in law and in fact for the designation. Such "Confidential" and "Highly Confidential – Attorneys' Eyes Only" materials shall be used solely in connection with this lawsuit, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

8. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the party producing Protected material ("Producing Party") affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page that contains protected material, or prominently on each electronic media that contains protected material.

(b)  for testimony given in deposition or in other pretrial proceedings, testimony taken at a deposition may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by making a statement to that effect on the record at the deposition or other proceeding. Following the deposition, the party wishing to designate certain testimony as Protected Material ("Designating Party") shall have 30 days, after the transcript becomes available, to identify in writing the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

(c)  for information produced in any other form, including any tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

9.  Information or material produced which is designated as "Confidential" may be disclosed or made available only to the Parties to this action (and in the case of MFO, to Mike Ferry, Sabrina Ferry, and any officer, director, or employee of MFO deemed necessary by MFO's counsel to aid in the prosecution, defense, or settlement of this action), the Court and its personnel (including any court considering any appeal in this matter, and its personnel), to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a.  experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign the statement attached to this Order as Exhibit A. A copy of the executed statement shall be delivered (by mail and regular mail) to counsel for the Designating Party at least seven days prior to disclosure of any Protected

Material to the expert or consultant;

    b.    court reporter(s) employed in this action;

    c.    a witness at any proceeding in this action; and,

    d.    any other person as to whom the Disclosing Party agrees in writing.

10.    Information or material designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a.    The parties' counsel of record in this action and employees of such counsel to whom it is necessary that the information or material be shown for the purpose of this lawsuit;

    b.    witnesses of the party producing the information in this lawsuit;

    c.    experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign the statement attached to this Order as Exhibit A. A copy of the executed statement shall be delivered (by mail and regular mail) to counsel for the Designating Party at least seven days prior to disclosure of any Protected Material to the expert or consultant;

    d.    the Court and its personnel (including any court considering any appeal in this matter, and its personnel);

    e.    court reporter(s) employed in this action; and

    f.    any other person as to whom the Disclosing Party agrees in writing.

11.    With respect to documents designated as including "Confidential" or "Highly Confidential – Attorneys' Eyes Only," any person indicated on the face of the document to be its originator, author, or recipient may be shown the documents. Additionally, any document designated as including "Confidential" or

1  "Highly Confidential – Attorneys' Eyes Only" may be shown to any employee of
2  the Designating Party and/or the party that produced the document during a
3  deposition of that employee if it is reasonably probable that the employee would
4  have access to or knowledge of the information contained in that document.

5      12.    Nothing in this Order shall bar or otherwise restrict any attorney
6  herein from rendering legal advice to the attorney's party-client with respect to this
7  action, and in the course thereof, relying upon an examination of "Highly
8  Confidential – Attorneys' Eyes Only"; provided, however, that in rendering such
9  legal advice and in otherwise communicating with the party-client, the attorney
10 shall not disclose any "Highly Confidential – Attorneys' Eyes Only" to anyone not
11 authorized to receive such documents, things, materials or information pursuant to
12 the terms of this Order.

13      13.    Nothing herein shall impose any restrictions on the use or disclosure
14 by a party of material obtained by such party independent of discovery in this
15 action, whether or not such material is also obtained through discovery in this
16 action, or from disclosing its own Protected Material as it deems appropriate.

17      14.    In the event that any Protected Material is used in any proceeding in
18 this action, it shall not lose its confidential status through such use, and the party
19 using such shall take all reasonable steps to maintain its confidentiality during such
20 use; however, this Paragraph does not apply where the Protected Material appears
21 in the public record.

22      15.    A Party that seeks to file under seal any Protected Material must
23 comply with Local Rule 79-5 and this Court's published procedures requiring an
24 application to the Court for an order to seal documents.

25      16.    This Stipulation is entered solely for the purpose of facilitating the
26 exchange of documents and information between the Parties to this action without
27 involving the Court unnecessarily in the process. Nothing in this Stipulation nor
28 the production of any information or document under the terms of this Stipulation

nor any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Neither the stipulation nor its contents, nor designation of a document as "Confidential" or "Highly Confidential – Attorney's Eyes Only", nor any party's objection or failure to object to such a designation is admissible as evidence for the purpose of proving or disproving any matter at issue in the litigation. Further, the Parties agree that the "Confidential" or "Highly Confidential – Attorney's Eyes Only" designations provided on documents for purposes of production under this Protective Order are not admissible for any purpose. In addition, the Parties agree that the "Confidential" and "Highly Confidential" designations added pursuant to this Protective Order shall not appear on any trial exhibit or any other document shown to the jury.

17. Inadvertent production of privileged material, or the inadvertent failure to designation material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," does not waive the privileged or confidential status of the document or information.

18. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must immediately (a) notify in writing the Designating Party of any disclosures of such Protected Material, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom disclosures were made of

all the terms of this Order. If the undesignated documents have already been filed with the Court without the confidential designation, the Designating Party may move the court for filing of the document under seal.

19. Any party may challenge the confidentiality designation of the other party, but shall be required to maintain the confidentiality of the information unless and until a ruling issues designating that the information ought not be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

20. A party that elects to initiate a challenge to a Designating Party's confidentiality designation must begin the process by conferring directly with counsel for the Designating Party, pursuant to the Local Rules. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

21. If the Parties are unable to resolve their dispute regarding the confidentiality of the designated material following the meet and confer process set forth in the preceding paragraph, the Challenging Party may, pursuant to Federal Rule of Civil Procedure 26, and the rules of this Court, file and serve a motion that identifies the material designated as confidential and affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

22. Upon written request, at the conclusion of this matter, the Parties hereby agree to promptly return all copies of all Protected Material received; or, in the alternative, such Parties may shred all copies of all such Protected Material and promptly send written confirmation from the other Party that it has complied with the terms of this Stipulation. Notwithstanding, Counsel shall be able to retain a copy of confidential information that has been submitted in a pleading or marked as an exhibit in a deposition.

1  23. Even after the termination of this litigation, the confidentiality
2  obligations imposed by this Order shall remain in effect until a Designating Party
3  agrees otherwise in writing or a court order otherwise directs. This Court retains
4  and shall have jurisdiction over the Parties, their attorneys and all recipients of
5  discovery designated "Confidential" or "Highly Confidential – Attorneys' Eyes
6  Only" for the enforcement of the provisions of this Order following termination of
7  this case, and/or to terminate all or some of the provisions of this Order on
8  application by any party.
9  24. This Order shall not preclude a party from exercising any rights or
10 raising any objections otherwise available to them under the rules of discovery and
11 evidence.
12 25. The Parties may, by written stipulation, provide for exceptions to this
13 Order.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

9

26. This Order shall be binding upon the Parties to this action, the attorneys for each Party and upon any recipient of discovery designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any Party or attorney or recipient of documents covered by this Order may have control.

IT IS SO STIPULATED by counsel of record:

DATED: September 20, 2013     VENABLE LLP

By: /s/ Daniel B. Chammas
Daniel B. Chammas
Attorneys for Plaintiff and
Counterdefendant THE MIKE
FERRY ORGANIZATION, Inc.

DATED: September 20, 2013     KLATTE, BUDENSIEK & YOUNG-AGRIESTI, LLP

By: /s/ Shawn M. Larsen
Shawn M. Larsen
Attorneys for Defendant and
Counterclaimant DEBRA DE GROTE

IT IS SO ORDERED.

DATED: 9/20/13                /S/
Hon. Suzanne H. Segal
U.S. Magistrate Judge

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

7088937-v3

# ATTACHMENT A

I, _____ hereby certify that I have read and am fully familiar with the terms of the Protective Order entered in *The Mike Ferry Organization, Inc. v. Debra De Grote*, CASE NO. 8:13−cv−00835−JST−SS, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive Confidential Information and/or Highly Confidential - Attorneys' Eyes Only Information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such Information, and any copies I make of any documentary material containing Confidential Information and/or Highly Confidential - Attorneys' Eyes Only Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other persons that are identified in and have agreed to comply with and be bound by the terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated this \_\_\_\_ day of _____, 201\_\_.

_____